# STATE OF CONNECTICUT
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

This is to certify that the foregoing is a copy of a process served upon me, a person in the office of the Insurance Commissioner of Connecticut, designated by him, pursuant to the statute in such cases made and provided, as one upon whom, in his absence, service of process may be made, upon an insurance company, corporation or association, with the same force and effect as though made on such commissioner personally.

2:55 pm

August 11, 2014

_Insurance Commissioner_



# STATE OF CONNECTICUT
## OFFICE OF INSURANCE COMMISSIONER

P.O. BOX 816
HARTFORD, CT 06142-0816

Received
ACE
AUG 19 14
Incoming Legal

SAVERIO M ROCCA, ESQ
INDEMNITY INS CO OF NO AMERICA
436 WALNUT ST  WA04K
PHILADELPHIA PA 19106

Pursuant to the statute in such cases made and provided, I forward herewith a copy of the process served as set forth in the certificate thereto attached.

Respectfully yours,

_Insurance Commissioner_

*5:55pm*
*8/11/14 CIVIL*

| **SUMMONS - CIVIL**<br>JD-CV-1   Rev. 2-13<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* | **See page 2 for Instructions** |
|---|---|---|

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>☐ "X" if claiming other relief in addition to or in lieu of money or damages. | TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503-6800 | September 2 , 2014<br>Month Day Year |

| ☒ Judicial District    G.A.<br>☐ Housing Session    ☐ Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>New Haven | Case type code *(See list on page 2)*<br>Major: C    Minor: 20 |
|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Ryan M. Suerth, Suerth LLC, 280 Trumbull Street, 21st Floor, Hartford, CT 06103 | Juris number *(to be entered by attorney only)*<br>418735 |
|---|---|
| Telephone number *(with area code)*<br>( 860 ) 241-9201 | Signature of Plaintiff *(if self-represented)* |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Tilcon New York Inc.<br>Address: c/o Ryan M. Suerth, Suerth LLC, 280 Trumbull Street, 21st Floor, Hartford, CT 06103 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Indemnity Insurance Company of North America<br>Address: c/o Commissioner, Connecticut Insurance Department, 153 Market Street, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Ryan M. Suerth | Date signed<br>08/08/2014 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | *For Court Use Only*<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Lynn Paulette, 280 Trumbull Street, 21st Floor, Hartford, CT 06103

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>08/08/2014 | Docket Number |
|---|---|---|---|

A TRUE COPY
ATTEST:
CHARLES J. FISHER, JR.
STATE MARSHAL
INDIFFERENT PERSON

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE:   SEPTEMBER 2, 2014 | : | SUPERIOR COURT |
| | : | |
| TILCON NEW YORK INC. | : | JUDICIAL DISTRICT OF |
| | : | NEW HAVEN |
| | : | |
| V. | : | AT NEW HAVEN |
| | : | |
| | : | |
| INDEMNITY INSURANCE COMPANY | : | |
| OF NORTH AMERICA | : | AUGUST 8, 2014 |

## COMPLAINT

### FIRST COUNT

#### *The Parties*

1.      Plaintiff Tilcon New York Inc. ("Tilcon") is a corporation organized and existing under the laws of the State of Delaware.

2.      Defendant Indemnity Insurance Company of North America ("IINA") is a corporation organized and existing under the laws of the State of Pennsylvania, and is a foreign insurance company authorized and licensed to do business in the State of Connecticut by the Insurance Commissioner for the State of Connecticut and/or the Connecticut Insurance Department; this action arises out of and/or is related to a transaction having a connection with the State of Connecticut.

#### *The Policy*

3.      IINA issued Commercial Marine Policy No. N01174538 to Tilcon as a Named Insured, and to other Named Insureds, with an effective period of July 20, 2004 to July 20, 2005, and with a $9,000,000 limit of liability (the "Policy"); a copy of what is, at this time, believed by Tilcon to be a complete copy of the Policy will be filed herein as <u>Exhibit</u> A to this Complaint.

4.     The Policy was issued, delivered, and negotiated in Connecticut, and the mailing address listed for the Named Insureds on the Policy's declarations page is located in New Haven, Connecticut.

### *The Underlying Action*

5.     On or about September 25, 2007, an action was commenced against Tilcon captioned *Ronkese v. Tilcon New York, Inc.*, et al., Supreme Court of the State of New York, County of Ulster, Index No. 4137/07 (the "Underlying Action"), wherein the plaintiff, Richard Ronkese ("Ronkese"), alleged that he was an employee of Tilcon, including employment as a "Jones Act seaman", and that on or about October 15, 2004 (during the Policy's effective period) he was injured while working aboard a certain vessel.

6.     American Home Assurance Company ("American Home"), the insurer that issued the Protection and Indemnity insurance policy underlying the Policy (the "Underlying Policy"), tendered the limit of the Underlying Policy on behalf of Tilcon in connection with settlement of the Underlying Action; Tilcon notified IINA of such tender and further demanded that IINA defend Tilcon without reservation in connection with the Underlying Action or settle the Underlying Action on its behalf.

7.     Subsequently, on the day jury selection was to commence in the Underlying Action, IINA was present at court, and Tilcon again demanded that IINA defend Tilcon without reservation in connection with the Underlying Action or settle the Underlying Action on its behalf.

8.     Despite IINA having sufficient time to prepare its position regarding settlement of the Underlying Action and to evaluate Tilcon's previous demands, and despite IINA's duty to protect its insured, Tilcon, from unnecessary financial exposure at trial, IINA, while present at court, indicated that it only had a minimal amount of monetary authority for settlement purposes, especially in relation to the amount tendered by American Home and the amount required to settle the Underlying Action; IINA further indicated that the person who could authorize more monetary authority for settlement purposes had called in sick for the day.

9.     On that same day, while still at court, Tilcon alleged that IINA was acting in "bad faith", as IINA had not come to court on behalf of Tilcon prepared to have a reasonable discussion with Tilcon regarding settlement of the Underlying Action on Tilcon's behalf; IINA then agreed that if Tilcon were to settle the Underlying Action on its own behalf, IINA would not object to any such settlement, to the extent there were any basis for any such objection, but IINA then retracted such agreement.

10.     IINA then indicated again that it would agree that if Tilcon were to settle the Underlying Action on its own behalf, IINA would not object to any such settlement, to the extent there were any basis for any such objection, but only if Tilcon would retract its earlier claim of bad faith against IINA.

11.     Tilcon rightfully would not retract its allegation of bad faith against IINA, and, on that same day, while at court, agreed to a settlement of the Underlying Action with Ronkese for an appropriate and reasonable amount within the limit of the Policy (the "Settlement Amount"), and under other appropriate and reasonable

terms, without any contribution from IINA, to protect itself from a judgment and from incurring additional costs in connection with the defense of the Underlying Action; Tilcon also reserved its rights, to the extent necessary, to recover the amount paid by Tilcon, and other amounts, from IINA.

12.    Any conditions precedent to coverage under the Policy have been satisfied,  waived, or IINA is estopped from denying or limiting coverage based on any alleged failure to satisfy any conditions precedent to coverage.

13.    IINA had, and has, a duty under the Policy to indemnify, pay and/or reimburse Tilcon for that portion of the Settlement Amount which is in excess of the limit of the Underlying Policy, and other amounts expended by Tilcon in connection with Underlying Action, including, but not necessarily limited to, costs incurred in connection with the defense of the Underlying Action.

14.    Tilcon demanded that IINA indemnify, pay and/or reimburse Tilcon for that portion of the Settlement Amount which is in excess of the limit of the Underlying Policy, and other amounts expended by Tilcon in connection with Underlying Action, including, but not necessarily limited to, costs incurred in connection with the defense of the Underlying Action.

15.    IINA has failed and/or refused to indemnify, pay and/or reimburse Tilcon for that portion of the Settlement Amount which is in excess of the limit of the Underlying Policy, and other amounts expended by Tilcon in connection with Underlying Action, including, but not necessarily limited to, costs incurred in connection with the defense of the Underlying Action; it was not until well over one

4

(1) year after Tilcon was forced to settle the Underlying Action on its own behalf that IINA completed its review of Tilcon's claim for coverage in connection with the Underlying Action.

16.   Tilcon has suffered, and continues to suffer, damages directly and proximately caused by IINA's failure and/or refusal to fulfill its obligations under the Policy, including its failure and/or refusal to indemnify, pay and/or reimburse Tilcon for that portion of the Settlement Amount which is in excess of the limit of the Underlying Policy, and other amounts expended by Tilcon in connection with Underlying Action, including, but not necessarily limited to, costs incurred in connection with the defense of the Underlying Action.

## SECOND COUNT

1.   The allegations of paragraphs 1 – 16 of the First Count of the Complaint are hereby incorporated by reference as paragraphs 1 – 16 of this Second Count as if fully set forth herein.

17.   There exists in every contract an implied covenant of good faith and fair dealing.

18.   IINA breached the implied covenant of good faith and fair dealing under the Policy with respect to Tilcon's claim for coverage in connection with the Underlying Action by, among other things, knowingly, intentionally, recklessly and/or negligently, and/or in a manner indicative of dishonest, interested and/or sinister motive:

a.     Failing and/or refusing to defend Tilcon without reservation, or otherwise, in connection with the Underlying Action or settle the Underlying Action on Tilcon's behalf for an appropriate and reasonable amount within the limit of the Policy, and under other appropriate and reasonable terms, forcing Tilcon to protect itself from a judgment and from incurring additional costs in connection with the defense of the Underlying Action, and depriving Tilcon of the benefit of the Policy for which a premium was paid;

b.     Appearing at court at the commencement of jury selection in the Underlying Action without being sufficiently prepared to contribute to a settlement of the Underlying Action on Tilcon's behalf, despite sufficient opportunity to be so prepared, forcing Tilcon to protect itself from a judgment and from incurring additional costs in connection with the defense of the Underlying Action, and depriving Tilcon of the benefit of the Policy for which a premium was paid; it was not until well over one (1) year after Tilcon was forced to settle the Underlying Action on its own behalf that IINA completed its review of Tilcon's claim for coverage in connection with the Underlying Action;

c.     Appearing at court at the commencement of jury selection in the Underlying Action without having made the appropriate personnel available with the authority to settle the Underlying Action on Tilcon's behalf, forcing Tilcon to protect itself from a judgment and from incurring additional costs in connection with the defense of the Underlying Action, and depriving Tilcon of the benefit of the Policy for which a premium was paid;

d.      Appearing at court at the commencement of jury selection in the Underlying Action without a sufficient understanding of the Underlying Action and the potential exposure of its insured, Tilcon, despite sufficient opportunity to have such an understanding, forcing Tilcon to protect itself from a judgment and from incurring additional costs in connection with the defense of the Underlying Action, and depriving Tilcon of the benefit of the Policy for which a premium was paid;

e.      Retracting an agreement, without cause, that if Tilcon were to settle the Underlying Action on its own behalf, IINA would not object to any such settlement, to the extent there were any basis for any such objection; and

f.      Conditioning a subsequent agreement that if Tilcon were to settle the Underlying Action on its own behalf, IINA would not object to any such settlement, to the extent there were any basis for any such objection, on Tilcon's retraction of its allegation of bad faith against IINA.

19.     Tilcon has suffered, and continues to suffer, damages directly and proximately caused by IINA's breach of the implied covenant of good faith and fair dealing under the Policy with respect to Tilcon's claim for coverage in connection with the Underlying Action.

### THIRD COUNT

1.      The allegations of paragraphs 1 – 19 of the Second Count of the Complaint are hereby incorporated by reference as paragraphs 1 – 19 of this Third Count as if fully set forth herein.

20.    C.G.S. § 42-110g allows a private cause of action for violations of C.G.S. § 42-110b and C.G.S. § 38a-815.

21.    At all relevant times, IINA was engaged in the conduct of trade or commerce within the meaning of C.G.S. § 42-110b, and was engaged in the business of insurance within the meaning of § C.G.S. 38a-815.

22.    At all relevant times, IINA engaged in unfair or deceptive acts or practices in the conduct of trade or commerce within the meaning, and in violation, of C.G.S. § 42-110b which offend public policy, and/or are immoral, unethical, oppressive and/or unscrupulous, and/or cause substantial injury to consumers, and/or IINA engaged in trade practices which are unfair or deceptive acts or practices in the business of insurance within the meaning, and in violation, of C.G.S. § 38a-815.

23.    Upon information and belief, such unfair or deceptive acts or practices are committed and/or performed by IINA with such frequency as to indicate a general business practice and are committed and/or performed in connection with insureds other than Tilcon.

24.    Such unfair or deceptive acts or practices include, but are not necessarily limited to, those acts described in paragraphs 18(a)-(f) herein.

25.    By committing and/or performing such unfair or deceptive acts or practices, IINA fails to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies as set forth in C.G.S. § 38a-816(6)(B);

26.     By committing and/or performing such unfair or deceptive acts or practices, IINA refuses to pay claims without conducting a reasonable investigation based upon all available information as set forth in C.G.S. § 38a-816(6)(D);

27.     By committing and/or performing such unfair or deceptive acts or practices, IINA does not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear as set forth in C.G.S. § 38a-816(6)(F);

28.     By committing and/or performing such unfair or deceptive acts or practices, IINA compels insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds as set forth in C.G.S. § 38a-816(6)(G); and

29.     By committing and/or performing such unfair or deceptive acts or practices, IINA fails to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement as set forth in C.G.S. § 38a-816(6)(N).

30.     IINA engaged in such unfair or deceptive acts or practices in connection with Tilcon's claim for coverage in connection with the Underlying Action.

31.     Tilcon has suffered, and continues to suffer, damages, including an ascertainable loss of money and/or property, because, and as a result, of IINA's unfair or deceptive acts or practices.

WHEREFORE, the Plaintiff prays that this Court award:

1.  Monetary damages, including compensatory, direct and consequential damages;

2.  Interest, including, but not necessarily limited to, interest pursuant to C.G.S. § 37-3a;

3.  Attorneys' fees, including, but not necessarily limited to, attorneys' fees under C.G.S. § 42-110g;

4.  Punitive and/or exemplary damages, including, but not necessarily limited to, punitive and/or exemplary damages under C.G.S. § 42-110g;

5.  Costs, including, but not necessarily limited to, costs under C.G.S. § 42-110g; and

6.  Such other and further relief as the Court may deem proper.

Plaintiff,
Tilcon New York Inc.

By: _____

Ryan M. Suerth
Suerth LLC
280 Trumbull Street
21st Floor
Hartford, CT 06103
Telephone: 860-241-9201
Facsimile: 860-241-9203
rsuerth@suerthlaw.com
Juris No.: 418735

A TRUE COPY
ATTEST:

CHARLES J. FISHER, JR.
STATE MARSHAL
AN INDIFFERENT PERSON

RETURN DATE:     SEPTEMBER 2, 2014          :          SUPERIOR COURT
                                                                :
TILCON NEW YORK INC.                              :          JUDICIAL DISTRICT OF
                                                                :          NEW HAVEN
                                                                :
V.                                                                :          AT NEW HAVEN
                                                                :
                                                                :
INDEMNITY INSURANCE COMPANY            :
OF NORTH AMERICA                                   :          AUGUST 8, 2014

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs.

Plaintiff,
Tilcon New York Inc.

By: _____
       Ryan M. Suerth
       Suerth LLC
       280 Trumbull Street
       21st Floor
       Hartford, CT 06103
       Telephone: 860-241-9201
       Facsimile: 860-241-9203
       rsuerth@suerthlaw.com
       Juris No.: 418735



11



U.S.POSTAGE

ZIP 06103
02 1W
0001391960

ADMINISTRATION

7014 0150 0001 5886 2303

STATE OF CONNECTICUT
INSURANCE DEPARTMENT
P.O. BOX 816
HARTFORD, CT 06142-0816

Return Receipt Requested
Showing Address
Where Delivered

Received
ACE

AUG 19 14

Incoming Legal

SAVERIO M ROCCA, ESQ
INDEMNITY INS CO OF NO AMERICA
436 WALNUT ST   WA04K
PHILADELPHIA PA 19106